IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



UNITED STATES OF AMERICA

v.

ZU HUN CHANG

Defendant.

Case No.: 1:19-MJ-125

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Fernando L. Uribe, Special Agent of the Federal Bureau of Investigation (FBI), Washington (D.C.) Field Office (WFO), Northern Virginia Resident Agency (NVRA), being duly sworn, depose and state the following:

### INTRODUCTION

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since March 2009. My primary duties include the enforcement of federal laws related to crimes committed by transnational organizations and criminal street gangs. As a special agent, I have participated in controlled purchases of illegal narcotics, conducted visual and electronic surveillance, executed arrest, search, and seizure warrants, and interviewed many individuals involved in drug trafficking and gang activities. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology of drug traffickers.

3. This affidavit is submitted in support of an application for a criminal complaint and arrest warrant for Zu Hun CHANG (CHANG) a.k.a. "Monster." Your affiant submits that the evidence described in this affidavit establishes probable cause to believe that beginning in or about September 2014 in the Eastern District of Virginia and elsewhere, the defendant did unlawfully, knowingly, and intentionally possess with intent to distribute 537.02 grams or more of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, 10,400.2 grams of a substance containing a detectable amount of marijuana, a Schedule I controlled substance, and 386 electronic vapor delivery pens (commonly referred to as "vape pens") containing a detectable amount of THC, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1).

4. All information in this affidavit is personally known to me, has been related to me by other law enforcement officers and/or confidential informants, or has been related to me by records and documents gathered during this investigation, as noted. This affidavit contains information necessary to support probable cause for this application. It is not intended to include each and every fact and matter observed by me or known to the government. The inferences and conclusions I draw from the evidence included in this affidavit are what I believe based on my training, experience, and knowledge of the investigation.

**PROBABLE CAUSE**

5. This investigation results from a multi-year investigation into the narcotics distribution in the Prince William County and Fairfax County areas of Northern Virginia by members of the "Reccless Tigers" gang. The investigation was initiated by the Northern Virginia Gang Task Force and has been conducted in partnership with the FBI, the Fairfax County Police Department, and Prince William County Police Department. FBI agents, the

Fairfax County Police Department, and other law enforcement have interviewed numerous individuals associated with the Reccless Tigers. Many of them have identified CHANG as a member of the Reccless Tigers.

6. On September 19, 2014, CHANG was arrested by Prince William County Police Department for Possession with Intent to Distribute marijuana. At the time of arrest, officers seized approximately three and one-half ounces of marijuana, a digital scale, and a money counting machine. CHANG was released on bond for that charge. After CHANG failed to appear for further court proceedings, he now has a warrant outstanding.

7. On November 22, 2017, CI-2 reported to Special Agents with the FBI that CI-2 was hired by members of the Reccless Tigers to pick up packages containing marijuana. CI-2 was asked to run a test drive with CHANG and another individual. Soon after this test drive, CI-2 was asked to provide an address to receive a package containing marijuana. CHANG contacted CI-2 to inform CI-2 that the tracking on the package indicated that the package with marijuana had arrived at the address provided by CI-2. CI-2 informed CHANG that CI-2 was unable to locate the package. Shortly thereafter, CHANG and another male arrived to CI-2's vicinity and physically assaulted CI-2.

8. On January 19, 2018, CI-3 was interviewed by Special Agents with the FBI. During this interview, CI-3 corroborated information provided by CI-2 as reported herein regarding CHANG being involved in the shipment of a package containing marijuana to CI-2.

9. During the same interview, CI-3 reported that CI-3 knew of an individual who once underpaid CHANG for one-half of an ounce of marijuana. This incident resulted in threats being made against that individual, who eventually returned the marijuana to members of the Reccless Tigers.

10. On August 18, 2018, CHANG was involved in a fight which led to a vehicle pursuit with marked units from the Fairfax County Police Department. CHANG eluded arrest which resulted in a warrant for his arrest for Speed to Elude (felony), Unauthorized Use of Vehicle, and Operating a Vehicle without a Driver's License.

11. On January 16, 2019, the Fairfax County Police Department conducted an arrest of CHANG. Fairfax County Police had learned that CHANG resided at 4414 Island Pl., Unit 303 in Annandale, Virginia and conducted surveillance at this location. The surveillance team observed CHANG leave the premises with a plastic grocery bag. When CHANG saw the police, he dropped the bag and ran. The bag contained a green leafy substance, suspected to be marijuana. CHANG was eventually arrested.

12. On the same date following this arrest, the Fairfax County Police Department executed a State Search Warrant for CHANG's residence, located in Fairfax County, Virginia, within the Eastern District of Virginia. A search of the premises occupied by CHANG as a residence yielded 537.02 grams of a substance containing a detectable amount of cocaine, 10,400.2 grams of a substance containing a detectable amount of marijuana, and 386 electronic vapor delivery pens (commonly referred to as "vape pens") containing a detectable amount of THC (all amounts are approximate and include total package weight).

## CONCLUSION

13.     Based on the facts outlined above, there is probable cause to believe that beginning in or about September 2014 in the Eastern District of Virginia and elsewhere, Zu Hun CHANG did unlawfully, knowingly, and intentionally possess with intent to distribute 537.02 grams or more of a substance containing a detectable amount of cocaine, a Schedule II controlled substance, 10,400.2 grams of a substance containing a detectable amount of marijuana, a Schedule I controlled substance, and 386 electronic vapor delivery pens (commonly referred to as "vape pens") containing a detectable amount of THC, a Schedule I controlled substance.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

Fernando L. Uribe
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this _____ day of March 2019.

The Honorable Theresa Carroll Buchanan
United States Magistrate Judge
Alexandria, Virginia